UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

KUANTAY REEDER                                              CIVIL ACTION

VERSUS                                                      NO: 22-4614

JASON WILLIAMS,                                             SECTION: "A" (1)
*in his official capacity as Orleans
Parish District Attorney*

### ORDER AND REASONS

The following motion is before the Court: **Motion to Dismiss for Failure to State a Claim (Rec. Doc. 6)** filed by the defendant, Jason Williams, in his official capacity as Orleans Parish District Attorney. The plaintiff, Kuantay Reeder, opposes the motion. The motion, submitted for consideration on March 15, 2023, is before the Court on the briefs without oral argument.[1]

In 1995, Mr. Kuantay Reeder, the plaintiff herein, was prosecuted by Orleans Parish District Attorney Harry Connick, and convicted (non-unanimous jury) of second-degree murder. The conviction was affirmed on appeal but Reeder continued to challenge the validity of his conviction through post-conviction relief. In 2009, Reeder's

---

[1] Mr. Williams has requested oral argument but the Court is not persuaded that oral argument would be helpful in light of the purely legal issues that are presented in his motion to dismiss. Beyond his memorandum in support of the motion to dismiss, the Court granted Mr. Williams leave to file a reply in excess of the page limits imposed by the Local Rules and following the reply a thirteen page supplemental memorandum in support of his motion to dismiss. Further, when the same motion to dismiss was considered by Judge Milazzo she did grant oral argument and the Court has reviewed the transcript from that proceeding. Therefore, oral argument would not contribute anything to the Court's consideration of the arguments being raised.

post-conviction counsel discovered that the state's key eye-witness had a prior conviction and that the DA's office had withheld that information from Reeder when he was tried. Extensive litigation on this *Brady*[2] issued ensued in the following years.

Jason Williams, the current district attorney for Orleans Parish, took office in 2021 and instituted a Civil Rights Division in his organization for the purpose of redressing past harms and injustices that the DA's office had caused. The staff set to identify cases that involved State misconduct, particularly those involving wrongful convictions and extreme sentences. (Rec. Doc. 1, Complaint ¶ 59). The Civil Rights Division reviewed the prosecution's original file in Reeder's case, which revealed the existence of "significant exculpatory evidence" that had never been disclosed to Reeder or his counsel. (*Id.* ¶ 60). In June 2021, Williams, through the Civil Rights Division of his office, produced the previously-withheld information to Reeder's attorney. (*Id.*).

In August 2021, Reeder supplemented his application for post-conviction relief with the newly-disclosed exculpatory evidence. In response, the Orleans Parish District Attorney's Office (hereinafter "OPDA") filed stipulations acknowledging *inter alia* that Reeder's conviction and incarceration were in violation of the Constitution. (*Id.* ¶ 98). On December 6, 2021, three remarkable things occurred: a state criminal judge vacated Reeder's conviction for second-degree murder, the OPDA immediately declined all charges against Reeder, and Reeder walked out of Angola Penitentiary after being incarcerated for over twenty-eight years. (*Id.* ¶ 100).

---

[2] *Brady v. Maryland*, 373 U.S. 83 (1963).

Following his release, Reeder filed this civil action against Jason Williams, in his official capacity only, seeking to hold the OPDA liable for the injuries and damages that Reeder suffered for being unconstitutionally deprived of his freedom for more than half of his life (Mr. Reeder was 50 years old when he filed this lawsuit). Williams is the only defendant in the case. The Complaint alleges a single cause of action against Williams, a *Monell*[3] claim brought pursuant to 42 U.S.C. § 1983, alleging that the OPDA violated Reeder's constitutional rights by withholding favorable evidence, that at all times relevant the OPDA maintained an unconstitutional policy with respect to the obligation to disclose favorable information to the defendants that it prosecuted, and that the OPDA failed to properly train and supervise its prosecutors with respect to *Brady* obligations.

Although all of the tortious conduct alleged against the OPDA occurred well before Williams took office, as the current district attorney, Williams, in his official capacity, is the proper defendant.

Williams now moves to dismiss the complaint arguing that Reeder has not stated a claim against him because the actions that form the basis of Reeder's claims are attributable to the State of Louisiana not to the OPDA as an independent local government entity. The law is well-settled that the states and their officials are not "persons" under § 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989).

In *Burge v. Parish of Tammany*, the Fifth Circuit confirmed the already-existing

---

[3] *Monell v. Dept. of Social Servs.*, 436 U.S. 658 (1978).

rule in this circuit that a Louisiana district attorney, sued in his official capacity, cannot claim Eleventh Amendment immunity because he is not "an arm of the state." 187 F.3d 452, 466 (5th Cir. 1999) (quoting *Will*, 491 U.S. at 70). The Fifth Circuit explained that a Louisiana district attorney is the independent and final official policymaker for all of the administrative and prosecutorial functions of his office *Id.* at 469. But even more importantly, the Fifth Circuit held that in a suit against a district attorney in his official capacity under § 1983 for constitutional torts caused by the district attorney's policies regarding the acquisition, security, and disclosure of *Brady* material, a victory for the plaintiff imposes liability on the district attorney's office as an independent local entity. *Id.* at 470. For purposes of "official capacity" suits under § 1983, the district attorney's office resembles other local government entities. *Id.* Notably, the Fifth Circuit reached these conclusions following a detailed study of Louisiana law, which is in accordance with the analysis directed by the Supreme Court's decision in *McMillian v. Monroe County*, 520 U.S. 781 (1997).[4]

      Williams disputes that *Burge* actually answers whether a Louisiana district attorney acts on behalf of the State of Louisiana or on behalf of his office, which is an independent local governmental entity, when he creates policies relating to the disclosure of evidence in criminal prosecutions. But even assuming that *Burge* did answer that question, Williams argues that *Burge* has been undermined by the Fifth Circuit's en banc decision in *Daves v. Dallas County*, 22 F.4th 522 (5th Cir. 2022).

---

[4] The *McMillian* decision provides the proper analysis in a § 1983 lawsuit for determining whether an official was acting for a state or local government.

Reeder argues that *Burge* controls and forecloses Williams's argument that the OPDA acted on behalf of the State of Louisiana with respect to the specific *Brady*-policy-related allegations pleaded in this case. And Reeder argues that *Daves* did nothing to call *Burge* into question because *Daves* is nothing more than an application of *McMillian* to certain members of the judiciary under Texas law whereas *Burge* applies the *McMillian* analysis to district attorneys under Louisiana law.

At least two other plaintiffs who have had their convictions under the OPDA vacated for *Brady* violations like those alleged in this case have filed lawsuits against Williams in this district. *JD Floyd v. John Dillmann, et al.* (19-8769) is pending before Judge Milazzo, and *Kaliegh Smith v. Jason Williams* (22-1550) is pending before Chief Judge Brown. Williams filed in both of those cases motions to dismiss that presented issues identical to the issues currently before the Court. Both Judge Milazzo and Chief Judge Brown concluded that *Burge* controlled, and was not called into question by *Daves*, which dealt with Texas judges, not a Louisiana district attorney. (CA19-8769 Rec. Doc. 219); (CA22-1550 Rec. Doc. 18). Chief Judge Brown went further, conducting a *de novo* analysis pursuant to *McMillian*'s dictates and concluding, consistent with *Burge*, that a Louisiana district attorney does not act on behalf of the State of Louisiana when developing policies governing *Brady* obligations for his office.

This Court agrees with the sound and thorough reasoning of both Chief Judge Brown and Judge Milazzo. *Burge* does control and *Burge* remains good and binding law following *Daves*. Given that *Daves* dealt with the role of judges under Texas law, no legitimate argument can be made that the en banc *Daves* decision overruled *Burge*. In

fact, in a recent unreported decision, the Fifth Circuit cited *Burge* for the proposition that for purposes of a § 1983 official capacity suit, the district attorney's office (Jefferson Parish) resembles other *local* government entities. *Kimble v. Jefferson Par. Sheriff's Office*, No. 22-30078, 2022 WL 1793876, at *3 (5th Cir. Feb. 7, 2023) (per curiam). Williams's motion to dismiss is therefore denied.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Dismiss for Failure to State a Claim (Rec. Doc. 6)** filed by the defendant, Jason Williams, in his official capacity as Orleans Parish District Attorney, is **DENIED**.

April 4, 2023

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE